IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEITU SULAYMAN KOKAYI<br><br>Defendant. | Case No. 1:18-mj-406 |

### GOVERNMENT'S MOTION TO SEAL CRIMINAL COMPLAINT AND SUPPORTING DOCUMENTS PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, respectfully asks for an Order to Seal the criminal complaint, the supporting affidavit, and the arrest warrant in this matter, as well as this Motion to Seal and proposed Order, until further order of the Court.

**I.    REASONS FOR SEALING (Local Rule 49(B)(1))**

1.  As further described in the affidavit in support of the criminal complaint, the government is seeking a criminal complaint charging SEITU SULAYMAN KOKAYI with coercion and enticement of a minor in violation of Title 18, United States Code, Section 2242(b).

2.  Premature disclosure the specific details of this ongoing investigation would jeopardize the investigation, including by allowing Mr. Kokayi the opportunity to flee, destroy evidence, or engage in acts of violence against the United States or members of the public prior to his impending arrest.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation. Another procedure short of sealing will not adequately protect the needs of law enforcement at this time because, due to the sophistication of the defendant and the publicity surrounding the case, no other procedure is likely to keep confidential the fact that Assange has been charged.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

4. The Court has the inherent power to seal charging documents. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing charging documents is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's ongoing investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

5. The complaint, supporting affidavit, and arrest warrant, as well as this motion and the proposed order, would need to remain sealed until Assange is arrested in connection with the charges in the criminal complaint and can therefore no longer evade or avoid arrest and extradition in this matter.

6. Upon occurrence of the event specified in paragraph 8, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

WHEREFORE, the United States respectfully requests that the criminal complaint, the supporting affidavit, and the arrest warrant in this matter, as well as this Motion to Seal and proposed Order, be sealed until further order of the Court.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Kellen S. Dwyer
Assistant United States Attorney