IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 18-mj-406 |
| ) | |
| SEITU SULAYMAN KOKAYI, ) | |
| ) | |
| Defendant. ) | |

PROTECTIVE ORDER

Before the Court is the government's Motion for Entry of a Protective Order restricting the disclosure and dissemination of the documents, electronic records, and other identifying information produced by the United States to the defendant as part of the government's discovery obligations in this case.

I. Protection of Sensitive Discovery Materials

These documents, electronic records, and other information, shall be subject to the following Order:

1. The government may designate certain discovery materials that relate contain personal and/or identifying information relating to the minor victim or that relate to national security interests as sensitive ("Sensitive Discovery Materials"). The Sensitive Discovery Materials shall be identified as such with the inscription "Sensitive" or "Confidential."

2. The government shall disclose Sensitive Discovery Materials to counsel for the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure and relevant case law. Where Sensitive Discovery Materials are produced electronically on

1

disc, only the physical disc (and not the individual electronic files) must be labeled "Sensitive" or "Confidential."

3. The disclosure or provision of documents or materials by the government to counsel for the defendant shall not operate as a waiver as to any third parties of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

4. Defense counsel shall not disclose any Sensitive Discovery Materials to any person other than the defendant; his attorneys of record in this case and their employees who are performing work on behalf of the defendant; the experts and interpreters engaged by the attorneys of record to assist in the representation of the defendant in this case; and the witnesses which may be interviewed and/or prepared for trial by the attorneys of record in this case. In addition, the defendant is prohibited from reviewing or possessing any Sensitive Discovery Materials outside the presence of his counsel.

5. Unless and until further ordered by the Court, individuals authorized to access the Sensitive Discovery Materials shall not allow any other person to read Sensitive Discovery Materials, or use the Sensitive Discovery Materials or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

6. Prior to the disclosure of any Sensitive Discovery Materials to a person not identified in Paragraph 4 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

7. Defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order. If the Defense releases custody of any of the Sensitive Discovery Materials or their copies, summaries or transcripts thereof, to any person, the Defense shall provide such recipients with copies of this Order, and advise them

that such information is the property of the United States Government and that any unauthorized use may constitute a violation of law or contempt of court. The defense counsel shall maintain a list of persons to whom materials are disclosed.

8. Nothing in this Order shall restrict use by the defendant's counsel of Sensitive Discovery Materials or information contained therein during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket.

9. If the Defense makes any further copies of any of the Sensitive Discovery Materials, the inscription "Sensitive" or "Confidential" must be included on the copies. Further, if the Defense makes use of the Sensitive Discovery Materials in a filing or other document, the filing or document must include the inscription "Sensitive" or "Confidential."

II.  Information Declassified for this Case

10. As used herein, the term "Information Declassified for this Case" refers to any and all classified documents, materials and information that have been marked as declassified by the Originating Agency and provided by the Government to defense counsel as part of discovery in this case. All Information Declassified for this Case shall be treated as Sensitive Discovery Materials in accordance with paragraphs 1-9 above.

11. The Information Declassified for this Case is now and will forever remain the property of the United States Government. At the conclusion of this case the defense counsel, defense

counsel employees, defense translators, and anyone else who obtains Information Declassified for this Case through discovery from the Government will return the Information Declassified for this Case and all copies thereof to the Government.

12. The Defense will store the Information Declassified for this Case in a secure place and will use reasonable care to ensure that the Information Declassified for this Case is not disclosed to third persons, including the media, in violation of this agreement.

13. The above provisions in no way modify or alter the obligation of all counsel to handle classified information in a manner consistent with CIPA and such protective orders as may be entered by the Court in this case.

III. <u>Protection of Victim, CHS or UCE Identifiers</u>

14. Any identifying information about minor victims and any declassified information about the actual or cover personal identifiers of a confidential human source ("CHS") or undercover employee ("UCE") that may be included in any discovery materials should be treated as Sensitive Discovery Materials in accordance with paragraphs 1-9 above, and the following additional protections will apply:

15. The defendant and counsel will not publicly disclose any identifying information about minor victims or the actual or cover names of any CHS or UCE in any pretrial filing or at any pretrial hearing in open court.

16. The defendant and counsel will not disseminate any identifying information about minor victims or any declassified information about a CHS or UCE except to the defendant's attorneys of record in this case, and the employees of the attorneys of record who are performing work on behalf of the defendant, including experts and interpreters engaged by the defendant to assist in the representation. Notice of proposed dissemination to defense

experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of the counsel of record or co-counsel.

## General Provisions

17. Any classified information will be governed by the applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3 § 1 et seq., and a different Order of this Court.

18. Upon conclusion of the above-captioned case, all discovery materials, including, but not limited to Sensitive Discovery Materials, as well as any CHS and UCE materials, and all copies and derivative materials thereof shall either be destroyed or returned to the United States, to the extent that this order is not inconsistent with defense counsel's ethical obligations. If counsel chooses to destroy the materials, counsel shall provide written confirmation that the materials have been destroyed.

19. If any party believes an exception should be made to this Protective Order, the parties will confer and then seek guidance from the Court as necessary. The parties will advise the Court of any exceptions that they believe should be made to the Protective Order.

20. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

IT IS SO ORDERED.

                                              /s/
                                        Theresa Carroll Buchanan
                                        United States Magistrate Judge

Hon. Theresa C. Buchanan
United States Magistrate Judge

Date: 9/4/15
Alexandria, Virginia