IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | Crim No. 1:18-CR-410 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| SEITU SULAYMAN KOKAYI, | ) | |
| | ) | Hearing Date: January 4, 2019 |
| Defendant. | ) | |
| | ) | The Honorable Leonie M. Brinkema |

**GOVERNMENT'S MOTION FOR (1) SUFFICIENT TIME TO RESPOND TO FISA-RELATED MOTION AND (2) MODIFICATION OF TRIAL SCHEDULE**

1. <u>United States Seeks 60 Days to Respond to FISA Disclosure Motion</u>.

The United States moves this Court for sufficient time to respond to Defendant's motion which seeks to discover or obtain FISA applications, orders, or related materials ("FISA materials"), and to discover, obtain, or suppress evidence or information obtained or derived from the Foreign Intelligence Surveillance Act, as amended, 50 U.S.C. §§ 1801 *et seq*. (FISA).

On August 22, 2018, Defendant was charged by Criminal Complaint with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). On August 24, prior to the detention hearing, the Defendant was provided Notice that the United States intends to offer into evidence, or otherwise use or disclose in any proceedings in the above-captioned matter, information obtained or derived from electronic surveillance and physical search conducted pursuant to FISA. On November 8, 2018, the Defendant was indicted on two counts of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and one count of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. The following day, the FISA Notice was provided again. (Dkt. No. 33). On December 17, 2018, the Defendant filed a motion for suppression of the FISA materials and disclosure of the FISA applications. (Dkt. No. 43).

1

The Defendant's motion has triggered the review procedures under Sections 1806(f) [electronic surveillance] and 1825(g) [physical search] of FISA, which require an *in camera, ex parte* review by the Court. Section 1806(f) provides in pertinent part:

> ... whenever a motion is made pursuant to subsection [Section 1806](e), or whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under this chapter ... the United States district court . . . shall . . . if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, *review in camera and ex parte* the application, order and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted.[1]

50 U.S.C. § 1806(f) (emphasis added).

The Government's submission for *in camera, ex parte* review by this Court will include a number of classified and unclassified documents. As explained below, some of these documents rely upon the preparation and consideration of other documents that have yet to be created. As a result of the sequential creation of documents necessary for the Court's review, the Government requires sufficient time to prepare and submit its submission.

The Government's submission for the Court's review will include at a minimum: (1) the Government's Classified Response to the Defendant's motion; (2) a Declaration and Claim of Privilege of the Attorney General of the United States (reflecting the Attorney General's assessment that disclosure of, or an adversary hearing with regard to, the classified FISA materials would harm the national security of the United States); (3) a classified declaration of a high-ranking Federal Bureau of Investigation (FBI) official (advising the Attorney General of the sensitivity of the classified information, sources, and methods contained in the FISA applications

---

[1] Section 1825(g) is virtually identical to Section 1806(f) and sets forth the *in camera, ex parte* review procedures pertaining to physical searches under FISA authorities.

2

and orders at issue); (4) a classified declaration of an FBI Supervisory Special Agent or Special Agent detailing the FBI's compliance with the minimization procedures approved by the Attorney General and adopted by the Foreign Intelligence Surveillance Court ("FISC"), which were used in this investigation; (5) the Government's Unclassified Response to the Defendant's motion; and (6) certified copies of the classified applications, orders, and any related materials filed with the FISC. All of the above-identified documents are necessary for the Court to determine whether the electronic surveillance, physical searches, or both, were lawfully authorized and lawfully conducted.

In addition to the logistics of obtaining the supporting documentation necessary for the Court's *in camera*, *ex parte* review, required under Section 1806(f) or Section 1825(g), certain documents in the Government's submission cannot be prepared contemporaneously, but must be prepared in sequential order. For example, the Attorney General cannot assess whether the disclosure of, or an adversary hearing with regard to, the classified FISA material would harm the national security until he has been advised by a high-ranking FBI official regarding the classified information, sources, or methods that would be compromised by disclosure or an adversary hearing. As noted above, that advice is provided to the Attorney General by means of the classified declaration of a high-ranking FBI official, which discusses in great detail the classified information, sources, and methods that are contained in the applications, orders, and related materials and the ensuing harm to national security caused by disclosure or an adversary hearing. Such a detailed and sensitive document requires careful drafting and review by the FBI, and then further consideration by the FBI declarant. Once submitted to the Attorney General, that declaration must again be accorded careful and deliberate review so that the Attorney General can appropriately assess the FBI's advice regarding the harm to the national security posed by disclosure or an adversary hearing.

In addition, the Government's Classified Response discusses, among other things, the classified information provided to the FISC in support of the Government's applications for an order or warrant pursuant to FISA and the classified declaration of a Supervisory Special Agent or Special Agent of the FBI regarding the minimization procedures applied to the acquisition, retention, and dissemination of the FISA-acquired information. The Government's Classified Response cannot be finalized until the minimization declaration has been drafted, reviewed, and signed by the FBI declarant because the Government's Classified Response references specific sections of the final minimization declaration.

In addition, as part of its submission to the Court, the Government will also prepare an unclassified version of its Classified Response, from which all classified information will be redacted. The Government's Unclassified Response cannot be drafted, reviewed, and finalized until the Government's Classified Response is completed.

Finally, in order to prepare the documents discussed above, the Government must coordinate its submission with various Government entities, including the Office of the Attorney General; the Office of Intelligence, National Security Division (NSD), Department of Justice (DOJ); the Counterterrorism Section, NSD, DOJ; the FBI's Office of the General Counsel; the FBI Counterterrorism Division; and the FBI field office or offices that conducted the FISA-authorized electronic surveillance, physical searches, or both.

Therefore, the Government requests sixty days to respond to the Defendant's FISA-related motion. Such a period of time will allow the Government sufficient time to prepare, review, and coordinate the interdependent and mutually supporting documents and file its submission with the Court and to brief the Court comprehensively on the facts and the law related to FISA and FISA-obtained or –derived evidence or information.

2. <u>Modification of Trial Schedule</u>.

This matter is currently scheduled for trial beginning February 5, 2019. (Dkt. No. 35). If the Court grants the government's request for an extension of time to file its FISA response, this submission will be due on or about February 22, 2019, approximately 17 days beyond the currently scheduled trial date. In order to allow the Court sufficient time to review the FISA submission in this case, the government requests a trial date on or after March 12, 2019, or such other appropriate time determined by the Court.

In addition, the United States intends to file an *ex parte* CIPA § 4 motion on or about January 7, 2019.

The defendant has filed an additional motion to suppress statements in this case. The government is not asking for an extension of time to respond to this motion and we intend to file our response by January 2, 2019, as directed in the Court's scheduling Order entered December 6, 2018. (Dkt. No. 40)

WHEREFORE, the United States respectfully requests that the Court

(1) grant this motion allowing the Government sufficient time to respond to the Defendant's motion which seeks to discover or obtain FISA materials, and which seeks to discover, obtain, or suppress evidence or information obtained or derived from the Foreign Intelligence Surveillance Act; and,

(2) extend the trial date in this matter to on or after March 12, 2019.

                        Respectfully submitted,

                        G. Zachary Terwilliger
                        United States Attorney

By:        /s/
                        Kellen S. Dwyer
                        Dennis M. Fitzpatrick
                        Assistant United States Attorneys
                        Office of the United States Attorney
                        2100 Jamieson Avenue
                        Alexandria, VA 22314
                        Phone: 703-299-3700
                        dennis.fitzpatrick@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2018, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:     /s/
        Dennis M. Fitzpatrick
        Assistant United States Attorney