IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cr-410 |
| | ) | |
| SEITU SULAYMAN KOKAYI, | ) | Hearing Date: 4/5/19 |
| | ) | |
| Defendant. | ) | The Honorable Leonie M. Brinkema |

**DEFENDANT'S MOTIONS IN LIMINE**

COMES NOW the defendant, Seitu Kokayi (hereinafter "Kokayi"), by counsel, and moves this Court, *in limine*, on April 5, 2019, at 9:00 a.m. or as soon thereafter as counsel may be heard, for the following relief.

**I. MOTION TO EXCLUDE NON-TAPPED, RECORDED PHONE CALLS BASED ON AN INABILITY TO HEAR THE SPEAKERS' FULL CONVERSATIONS**

1. The Government has indicated that it may move to introduce three recorded phone calls from August 22, 2018. The recordings are purportedly based on conversations between Mr. Kokayi and the alleged victim in this case.

2. Based on information from the government, the calls were actually recorded from somewhere inside Mr. Kokayi's house, but not via phone tap.

3. Counsel for Mr. Kokayi has listened to the audio recording of the calls, and a substantial amount of the dialogue is completely unintelligible. The remainder contains certain parts during which some words can be ascertained, but it is not clear as to the accuracy of that

1

information either.

4.  The government provided counsel with a proposed "transcript" of the calls noted above which reflects the fact that much of the conversation is unintelligible. After careful review of the audio with a simultaneous comparison to the proposed transcript, counsel noted many discrepancies with the words proposed/produced in the transcripts. Some of these discrepancies are substantial.

5.  It would be anticipated that there would be difficulty agreeing to a determination of the actual accurate version of the transcript for even those intermittent sections that are mostly audible.

6.  Based on the condition of the proposed phone calls evidence produced in this manner, both in audio and proposed printed forms, the evidence should be excluded as inadmissible, pursuant to both FRE Rule 401 and Rule 403.

WHEREFORE, for the reasons stated herein, and for such other reasons as may appear to the Court, the defendant asks the Court to preclude the government from offering the above referenced items into evidence.

## II. MOTION TO EXCLUDE PREJUDICAIL REFFERENCES AND LANGUAGE

1.  The government has provided to counsel transcript documents which include references to the alleged victim as "UFV1," which is described as an abbreviation for "Underage Female Victim 1."

2.  The same documents, on *every* page, contain language at the top *and* bottom stating "CHILD VICTIM AND CHILD WITNESS IDENTITY INFORMATION    This document contains information regarding a child victim's identity, which may only be disclosed

to individuals who have a need-to-know such information by reason of their participation in the associated proceeding, or if disclosure is necessary to protect the welfare and well-being of the child." Clearly, the language and abbreviations described above are unduly prejudicial to Mr. Kokayi.

3. It is not known to counsel exactly what documents will be moved into evidence by the government, or which of those will be admitted. However, Counsel moves this Court to require the government to exclude any references to, and/or abbreviations of "child," "victim," and any number, or any language similar to it, when referring to the alleged victim in any way. As with published legal opinions, the alleged victim can be referred to with her initials.

4. Counsel further moves this Court to require the government to exclude the use of the language quoted above, or any such similar language, in the presentation of any evidence.

5. Finally, with regard to any documents provided to counsel in discovery, counsel moves the Court to order the government to provide versions without such language, in the event counsel seeks to introduce them as evidence.

WHEREFORE, for the reasons stated herein, and for such other reasons as may appear to the Court, the defendant asks the Court to grant the relief described above.

                                                                     Respectfully submitted,

                                                                     SEITU KOKAYI
                                                                     By Counsel

_____/s/_____
Mark Petrovich
Va. Bar # 36255
Petrovich & Walsh, P.L.C.
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
(703) 934-9191 (tel)
(703) 934-1004 (fax)
mp@pw-lawfirm.com (email)

Anthony Nourse, Esquire
Va. Bar # 40335
4151 Chain Bridge Road
Fairfax, Virginia 22030
(703) 881-9161
(703) 881-9162 (fax)
ahn@fairfaxdefense.com

# CERTIFICATE OF SERVICE

I hereby certify that on or before the 29th day of March, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kellen S. Dwyer, Esquire
Dennis M. Fitzpatrick, Esquire
Assistant United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
phone: 703 299-3816
fax:      703 299-3981
Kellen.Dwyer@usdoj.gov
Dennis.Fitzpatrick@usdoj.gov