IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:18-CR-410-LMB |
| | ) | |
| SEITU SULAYMAN KOKAYI, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE**

The United States of America, by and through its attorneys G. Zachary Terwilliger, United States Attorney, Kellen S. Dwyer and Dennis M. Fitzpatrick, Assistant United States Attorneys, and Joseph Attias, Special Assistant United States Attorney, hereby files this response to the Defendant's Motion in Limine (Dkt. 77) ("Deft. Mot."). For the reasons set forth in this Opposition, the United States respectfully requests that the Court deny the Defendant's motion.

**ARGUMENT**

The Defendant has moved to preclude the government's use of three specific recordings at trial. Deft. Mot. at 2. The Defendant's principal argument is that the recordings' alleged poor quality renders them inadmissible under Federal Rules of Evidence 401 and 403. The government submits that Defendant's argument speaks not to the admissibility of the recordings but to the weight to be accorded them by the trier of fact. *See United States v. Willie*, 308 F. Supp. 2d 724, 726 (E.D. Va. 2004) ("While there are certainly inaudible portions of the alleged conversation between defendant and the government informant, this lack of clarity simply goes to the weight the jury should accord to the . . . recording; it does not render the evidence inadmissible.").

"The mere fact that some portions of a tape recording are inaudible does not by itself require exclusion of the tape." *United States v. Hemmings*, 482 F. App'x 640, 642 (2d Cir. 2012) (quoting *United States v. Arango-Correa*, 851 F.2d 54, 58 (2d Cir. 1988)). Indeed, numerous courts of appeals, including the Fourth Circuit, have declined to exclude audio recordings under theories similar to the Defendant's. *See, e.g.*, *United States v. De La Torre*, 907 F.3d 581, 591-92 (8th Cir. 2018) ("the audio in this case is of 'admittedly poor quality.' However, its poor quality did not render the recording wholly untrustworthy.") (internal citation omitted); *United States v. Chaney*, 299 F. App'x 447, 452 (5th Cir. 2008) ("poor quality and partial unintelligibility do not render tapes inadmissible unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy.") (internal quotation marks and citation omitted); *United States v. Trogdon*, 575 F.3d 762, 765 (8th Cir. 2009) ("In spite of the admittedly poor quality of the recordings, the conversations in the tapes were audible enough to provide the jury with the 'gist' of the conversations.") (internal quotation marks and citation omitted); *United States v. Wilkerson*, 182 F.3d 911, 1999 WL 441966, at *1 (4th Cir. 1999) (unpublished); *United States v. Crosby*, 139 F.3d 893, 1998 WL165788, at *3 (4th Cir. 1998) (unpublished); *United States v. DiSalvo*, 34 F.3d 1204, 1220 (3d Cir. 1994) (recordings are admissible "unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy."); *United States v. Carbone*, 798 F.2d 21, 24 (1st Cir. 1986) (the proper inquiry is whether "the inaudible parts are so substantial as to make the rest more misleading than helpful"); *United States v. Hall*, 342 F.2d 849, 853 (4th Cir. 1965) (affirming admission of a recorded conversation where as much as twenty-five percent of the conversation was inaudible). Here, the recordings, while not perfect, are clearly discernable and contain highly relevant and highly incriminating evidence.

The Defendant also alleges numerous "discrepancies" between the recordings and the government's proposed transcripts. Deft. Mot. at 2. Assuming this to be the case, defense counsel are free to offer their own transcriptions of the recordings. *See United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001) ("If the accuracy of the transcript is contested, competing transcripts may be submitted to the jury."). Because the parties have agreed to a bench trial in this case, any risk ordinarily presented by this approach would be substantially lessened.

The Fourth Circuit has made the following observation in a case involving inaudible recordings: "once the district court admitted the tape recording and transcript into evidence and sent it to the jury at the close of trial, the jury was free to decide whether or not the tape recording and transcript were what the government claimed." *United States v. Francis*, 141 F.3d 1160, 1998 WL 141159, at *1 (4th Cir. 1998) (unpublished). In other words, the jury was free to decide how much, if any, weight should be accorded to the recordings. Such a principle applies with extra force in the context of a bench trial.

The Defendant has also moved to preclude the government from referring to the minor in this case as a "child" or "victim." Deft. Mot. at 3. As a primary matter, and although something of a truism, the minor in this case is, in fact, alleged to be the victim of the three federal offenses with which the Defendant is charged. Referring to the minor in this case as a "child" or "victim" is no less accurate than referring to the Defendant as an "adult."

In any event, the Defendant's argument is moot because the parties have agreed to a bench trial. The Fourth Circuit has held that that concerns over Rule 403 prejudice are "relaxed significantly in the context of a bench trial[.]" *United States v. Musleh*, 106 F. App'x 850, 856 (4th Cir. 2004). The reason for this is simple: "in the context of a bench trial, there is less concern that the finder of fact will utilize evidence for an improper purpose." *United States v. Sebolt*, 554

F. App'x 200, 206 (4th Cir. 2014); *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) (court should not exclude evidence under Rule 403 in bench trial on grounds of unfair prejudice); *see also United States v. Hassanzadeh*, 271 F.3d 574, 578 (4th Cir. 2001) ("we have confidence that at the bench trial, the experienced district judge was able to separate the emotional impact from the probative value of this potentially prejudicial evidence."). This Court has observed similarly. *See United States v. Smith*, No. 1:10CR438 LMB, 2012 WL 3040338, at *8 (E.D. Va. July 24, 2012) ("as the Government correctly notes, the rules of exclusion are 'relaxed significantly' in a bench trial.") (citation omitted). For these reasons, the Defendant's motion to bar references to the minor as a "child" or "victim" should be denied.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny the Defendant's motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     /s/
Kellen S. Dwyer
Dennis M. Fitzpatrick
Assistant United States Attorneys
Joseph Attias
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3700
Kellen.Dwyer@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to all counsel of record in this matter.

By:           /s/
Joseph Attias
Special Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700