IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SEITU SULAYMAN KOKAYI, | )  1:18-cr-410 (LMB) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

After a two-day bench trial, the Court issued a 17-page Memorandum Opinion which detailed the Court's factual findings and conclusion that defendant Seitu Sulayman Kokayi ("defendant") was guilty as charged of two counts of coercion and enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) and one count of transfer of obscene materials to a minor in violation of 18 U.S.C. § 1470. See United States v. Kokayi, No. 1:18-cr-410, 2019 WL 2028517 (E.D. Va. May 8, 2019) ("May 8 Opinion"). Defendant's motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the government's case was denied. Defendant has filed a renewed Motion for a Judgment of Acquittal, or in the Alternative, for a New Trial, pursuant to Rules 29 and 33 [Dkt. No. 108] ("Mot."). For the reasons stated in open court and supplemented in this Memorandum Opinion, defendant's motion has been denied.

## DISCUSSION

### I.

Federal Rule of Criminal Procedure 29 ("Rule 29") provides in relevant part, "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R.

Crim. P. 29(c)(2).[1] In considering a motion for judgment of acquittal, a court is "obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (quoting Burgos, 94 F.3d at 862). A court should consider "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[C]ircumstantial evidence is not inherently less valuable or less probative than direct evidence and may alone support a guilty verdict." United States v. Martin, 523 F.3d 281, 289 (4th Cir. 2008) (internal quotation marks and citation omitted). In addition, a court should "consider the evidence in cumulative context rather than in a piecemeal fashion." United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 572 U.S. 1145 (2014).

Federal Rule of Criminal Procedure 33 provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A trial court "should exercise its discretion to grant a new trial sparingly," and "it should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (internal quotation marks and citation omitted).

---

[1] This standard of review is the same whether the trial was before a jury or before the court. Compare Glasser v. United States, 315 U.S. 60, 80 (1942) (jury trial), with United States v. Ismail, 97 F.3d 50, 55 (4th Cir. 1996) (bench trial).

II.

Defendant first argues that his convictions on both Counts 1 and 2, which involved violations of the same statute, 18 U.S.C. § 2422(b), violate the Double Jeopardy Clause of the Fifth Amendment of the Constitution. Mot. 3. Section 2422(b) makes it a crime to use "any facility or means of interstate or foreign commerce" to "knowingly persuade[ ], induce[ ], entice[ ], or coerce[ ] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[ ] to do so." For Count 1, the alleged illegal act was the production of child pornography in violation of 18 U.S.C. § 2251 and for Count 2, the alleged illegal act was engaging in sexual relations, sexual conduct, and sexual acts with defendant upon the victim's return to the D.C. area, in violation of Virginia Code § 18.2-371, which prohibits sexual contact between adults and minors. The elements of the underlying criminal offenses do not become formal elements of § 2422(b). See United States v. Roman, 795 F.3d 511, 515 n.2 (6th Cir. 2015). Defendant argues that because the government relied upon all of the evidence produced at trial to convict on both counts, the evidence supporting each count of conviction was the same. Mot. 5–6.

In response, the government first points out that defendant waived this argument by failing to raise it before trial. Opp'n [Dkt. No. 110] 4. Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) requires that an allegation that the indictment charges the same offense in more than one count (multiplicity) must be raised by a pretrial motion. Defendant replies that he is not alleging a defect in the indictment, but rather a defect "based on a combination of the statute, the indictment, the evidence presented, argued and relied on to support the allegation and the case law." Reply [Dkt. No. 115] 1. Despite that argument, the alleged defect essentially constitutes an untimely attack on the indictment. Although a court may grant relief from the waiver of such

attack if good cause is shown, see Fed. R. Crim. P. 12(e), "[f]ailure to object to a count on grounds of multiplicity prior to trial generally waives that objection," United States v. Colton, 231 F.3d 890, 909 (4th Cir. 2000). Defendant did not raise this objection before trial and has not shown good cause for the delay. Defendant's argument "that the issue did not arise until the close of the Government's evidence and argument," Reply 2, is not persuasive, as the indictment clearly put defendant on notice about this issue. Because any claim of multiplicity should have been raised pretrial, it is waived.

Even if the court were inclined to provide defendant relief from waiver, his challenge to Counts 1 and 2 would also fail on the merits. As the government correctly argues, Counts 1 and 2 involve "entirely different predicate offenses." Opp'n 5. "It is well-settled that a defendant may be charged and prosecuted for the same statutory offense multiple times when each prosecution is based on discreet acts that each constitute a crime." United States v. Goodine, 400 F.3d 202, 208 (4th Cir. 2005); see also United States v. Thomas, 669 F.3d 421, 426 (4th Cir. 2012) ("An indictment may divide a course of conduct into separate assaults only when the Government demonstrates that 'the actions and intent of [the] defendant constitute distinct successive criminal episodes, rather than two phases of a single assault.'" (alteration in original) (citation omitted)). The predicate offense in Count 1 was the production of child pornography and the predicate offense in Count 2 was the attempt to engage in sexual relations with a minor. The prosecution of each count was based on "discreet acts that each constitute a crime." Goodine, 400 F.3d at 208. Although those acts may overlap to support each other, as soliciting the production of child pornography evidenced an intent to engage in sexual relations with the victim, being found guilty

4

as to one count did not necessarily render defendant being found guilty of the other. See Opp'n 5.[2] For these reasons, defendant's convictions on Counts 1 and 2 do not violate Double Jeopardy.

### III.

Defendant argues that there was insufficient evidence to support his conviction for Count 1 because images of neither the victim's naked breasts nor naked body while in the shower constitute child pornography. Mot. 6–7. For the purposes of the federal child pornography statute, sexually explicit conduct consists of "actual or simulated . . . masturbation . . . or . . . lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A). Courts have held that a live video of a minor naked in the shower is alone sufficient to meet the federal definition of child pornography. See Courtade v. United States, No. 2:15-cr-29, 2017 WL 6397105, at *8–10 (E.D. Va. Dec. 13, 2017) (holding that a video of a minor showering constituted child pornography because of the defendant's sexual intent and coercion of the minor); see also United States v. Holmes, 814 F.3d 1246, 1252 (11th Cir. 2016) ("[W]e join the Eighth, Ninth, and Tenth Circuits and hold that a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently"); United States v. Larkin, 629 F.3d 177, 183 (3d Cir. 2010) (holding that a nude video of a minor in the shower can constitute child pornography because "showers and bathtubs are frequent hosts to fantasy sexual encounters as portrayed on television and in film"). Here, both the victim and defendant described how defendant repeatedly asked the victim to shower

---

[2] Neither party argued that the traditional Blockburger inquiry was appropriate here. Opp'n 6 & Reply 3.

with him over FaceTime and to show her naked body to him over FaceTime when the shower session eventually occurred. GX56 & GX67.

Furthermore, as fully discussed in the Court's factual findings in its May 8 Opinion, the evidence in this case supports finding that defendant persuaded or attempted to persuade the victim to send him live videos not only of her exposing her breasts and showering, but also of her engaging in either actual or simulated masturbation. See May 8 Opinion, at *4. Defendant's argument that there was insufficient evidence to find that he instructed the victim to show him that she was allegedly masturbating is similarly unavailing. In addition to the recordings of phone calls and FaceTime sessions introduced into evidence, the victim credibly explained to an FBI Child and Adolescent Forensic Interviewer how defendant instructed her to finger herself and once chastised her for putting him "on mute" while she was ostensibly having an orgasm. See id. The victim specifically said that defendant could see her clothes and that she "had [her] hands in [her] pants," and she explained that she pretended to masturbate for defendant. GX67. Drawing all reasonable inferences in the light most favorable to the government, defendant's argument clearly fails. There was more than sufficient evidence to convict him of attempting to produce child pornography.

In addition, defendant argues that under United States v. Palomino-Coronado, 805 F.3d 127 (4th Cir. 2015), 18 U.S.C. § 2251(a), the predicate act charged in Count 1, requires specific intent to produce a visual depiction, which the government failed to prove. Mot. 9–10. Section 2251(a) makes it a crime to coerce a minor to engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct." The Court found defendant guilty of the second prong, which was not at issue in Palomino-Coronado. In this case, defendant and the victim interacted

primarily over FaceTime, which transmits live visual depictions to its users. As discussed fully in the May 8 Opinion, there was extensive evidence showing that defendant clearly enticed the victim to produce live visual depictions of sexually explicit conduct for the purpose of transmitting those live video depictions to him and did in fact transmit those live video depictions to him. See May 8 Opinion, at *4. This conduct fully supports defendant's conviction for the charge in Count 1.

Defendant's argument as to the Count 2 conviction focuses on the sentencing disparity between 18 U.S.C. § 2422(b), a felony, and the predicate state misdemeanor offense, Virginia Code § 18.2-371, arguing that the disparity is so great as to violate the Equal Protection and Due Process clauses of the Constitution. Mot. 11–14. Section 2422(b) carries a ten-year mandatory minimum sentence, with a maximum sentence of life imprisonment, while Section 18.2-371 is a state misdemeanor with a maximum sentence of one-year imprisonment. The Court raised this disparity at trial and addressed it in its May 8 Opinion, although not specifically through the framework of the Equal Protection or Due Process clauses. See May 8 Opinion, at *5–6. There, the Court found that § 2422(b) clearly encompasses state misdemeanors and that the sentencing disparity was justified by the legitimate government purpose of combatting the "very real and dangerous problem of online enticement of minors," which is an aggravating factor justifying a higher sentence. Id. at *6 (citing United States v. Shill, 740 F.3d 1347, 1354 (9th Cir. 2014)).[3]

---

[3] Defendant also argues that state offenses cannot serve as predicate acts for § 2422(b) and that a ten-year mandatory minimum sentence for a violation of § 2422(b) violates the Eighth Amendment. Mot. 14–16. The Court explicitly addressed the question of whether § 2422(b) encompasses state misdemeanors and held that it does. See May 8 Opinion, at *6. Admittedly, the Court was focused on the distinction between felonies and misdemeanors, not federal versus state offenses, but the cases cited specifically upheld convictions under state misdemeanors, and defendant may very well have waived this other argument by not raising it pretrial. The Court also discussed United States v. Shill, 740 F.3d 1347 (9th Cir. 2014), which held that the

Accordingly, the Court has already addressed this issue and found defendant's conviction and requisite ten-year mandatory minimum sentence to be permissible.

Defendant further argues that the sentencing disparity between § 2422(a), which criminalizes enticement of "any individual to travel" to engage in prostitution or other illegal sexual activities but carries no mandatory minimum sentence and has a maximum sentence of twenty years, and §2422(b), which exposes a defendant to a mandatory minimum sentence of ten years, is unconstitutional. Mot. 11–14. Defendant's argument that the only difference between § 2422(a) and (b) is the requirement of "using . . . any facility or means of interstate or foreign commerce" in § 2422(b), Mot. 12–13, ignores arguably the most important difference between the two sections: § 2422(b) criminalizes sexual activity with minors, a difference which unquestionably justifies significant sentencing disparities. Because the sentencing exposure in § 2422(b) does not lack a rational basis, this punishment does not violate either the Equal Protection or Due Process clauses.

## IV.

Defendant argues that there was insufficient evidence to support defendant's conviction for Count 3, which alleges a violation of 18 U.S.C. § 1470. That statute prohibits individuals from using interstate commerce to knowingly transfer or attempt to transfer obscene matter to another individual who has not obtained the age of 16 years, knowing that said other individual has not attained the age of 16 years. Specifically, defendant claims that there was insufficient evidence to establish the element that he knew the victim's age to be under 16 years. Mot. 17.

---

mandatory minimum sentence did not violate the Eighth Amendment, and the Fourth Circuit's application of Shill in United States v. Brown, 681 F. App'x 268 (4th Cir.), cert. denied, 138 S. Ct. 152 (2017), as well as cases from other circuits holding that § 2422(b)'s mandatory minimum sentence does not violate the Eighth Amendment, May 8 Opinion, at *6 n.3 (collecting cases).

When the evidence is examined in the light most favorable to the prosecution, as it must be when considering a Rule 29 motion, defendant's argument fails. As detailed in the May 8 Opinion, the direct and circumstantial evidence fully support finding that defendant knew the victim to be less than 16 years old. See May 8 Opinion, at *8. As her Quran teacher, defendant had access to the victim's paperwork, which included her birthdate; the victim sent him a copy of her permanent resident card, which included her birthdate, to help with her visa application; and he knew that she had celebrated her 15th birthday in June 2018 and that she was just about to start high school. Id. Circumstantial evidence "may alone support a guilty verdict." Martin, 523 F.3d at 289. None of defendant's arguments on this issue are persuasive.

## CONCLUSION

The May 8 Opinion found both a factual and legal basis supporting defendant's conviction for all three charges and the explanations made in open court during the hearing on defendant's post-trial motion further support the conclusion that defendant is not entitled to either a judgment of acquittal or a new trial. For all these reasons, his post-trial motion [Dkt. No. 108] has been denied.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 9th day of July, 2019.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge